UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LLOYD T. ELDER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00273-JPH-DLP |
| | ) | |
| THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Screening Amended Complaint and Directing Further Proceedings**

Plaintiff Lloyd Elder, an inmate at the Knox County Law Enforcement Center, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. Mr. Elder's complaint was previously dismissed for failure to state a claim upon which relief can be granted and he has filed an amended complaint. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the

1

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Mr. Elder names as defendants in the amended complaint Officer Thompson and Sgt. Kolhouse. He alleges in that all officers at the Knox County Law Enforcement Center knew that another inmate was going to assault him. He states that Officer Lynn spoke to the other inmate about it beforehand but she did not do anything to prevent the assault. He further alleges that he told Sgt. Kolhouse and Officer Thompson that the other inmate was going to assault him. The inmate then assaulted Mr. Elder with bodily fluids.

Based on the screening standard set forth above, Mr. Elder's claim **shall proceed** against Officer Thompson and Sergeant Kolhouse as a claim that these defendants[1] failed to protect Mr. Elder from assault in violation of his Fourteenth Amendment rights.[2]

This summary of claims includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through September 18, 2020,** in which to identify those claims.

---

[1] The Court notes that while Mr. Elder alleges that Officer Lynn also did not prevent the assault, he does not name her as a defendant in the caption of the complaint and therefore has not sued this defendant. *See* Fed. R. Civ. P. 10(a) requiring the title of the complaint to name all parties); *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005) ("[E]ven *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue.").

[2] It appears from the Complaint that Mr. Elder was a pre-trial detainee at the time of the actions alleged. Therefore, the Fourteenth Amendment applies to his claims. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473-74 (2014).

### III. Conclusion and Service of Process

The **clerk shall add** Sergeant Kolhouse as a defendant on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [12], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 8/28/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LLOYD T. ELDER, SR.
KNOX COUNTY LAW ENFORCEMENT CENTER
2375 South Old Decker Road
Vincennes, IN 47591

Officer Thompson
Knox County Law Enforcement Center
2375 South Old Decker Road
Vincennes, IN 47591

Sergeant Kolhouse
Knox County Law Enforcement Center
2375 South Old Decker Road
Vincennes, IN 47591