UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LLOYD T. ELDER, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00273-JPH-DLP |
| | ) |
| THOMPSON, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motion for Default Judgment**

Plaintiff Lloyd Elder moves for default judgment against the defendants.

## I. Facts

The Court screened Mr. Elder's complaint pursuant to 28 U.S.C. §1915A on August 28, 2020. Dkt. 13. The defendants waived service and counsel appeared on their behalf on September 16, 2020. Dkt. 14, 15, 16, 17, 18. But counsel did not file an answer within sixty days of the date the Notice of Lawsuit and Request to Waive Service of a Summons was sent, which was October 27, 2020. The defendants did file a response to Mr. Elder's motion for Court to intervene with discovery. Dkt. 21. The defendants were then directed to file an Answer and have since done so. Dkt. 24.

## II. Discussion

Mr. Elder seeks default judgment. Rule 55(a) of the Federal Rules of Civil Procedure requires entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). But a party that is in default may obtain relief from entry of a default before entry of judgment under Rule 55(c) which provides that "[t]he court may set aside an entry of default

for good cause." A defendant seeking to have a default set aside must show: (1) good cause, (2) quick action to correct the default, and (3) a meritorious defense to the complaint. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The Seventh Circuit's policy favors "trial on the merits over default judgment." *Id.* (citing *Sun v. Bd. of Trs. Of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)).

First, the defendants have shown good cause for their failure to timely answer. They did not willfully ignore the lawsuit but explain that their failure to timely file an answer was the result of mistake. Because the plaintiff had filed several lawsuits, the defendants believed they had filed an Answer on time. Dkt. 35. Next, they took quick action to correct the delay, filing their answer on December 4, 2020. Finally, they have a potentially meritorious defense – that the plaintiff failed to exhaust his available administrative remedies and that they are entitled to qualified immunity. The defendants are therefore entitled not to have default entered against them.

### III. Conclusion

For the foregoing reasons, the motion for default judgment, dkt. [28], is **denied**.

**SO ORDERED.**

Date: 2/18/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LLOYD T. ELDER, SR.
KNOX COUNTY LAW ENFORCEMENT CENTER
2375 South Old Decker Road
Vincennes, IN 47591

All Electronically Registered Counsel